Robert J. Gibson, Esq. Barrett Deacon Post Office Box 1700 Jonesboro, AR 72103
Dear Mr. Gibson:
I am writing in response to your request, made pursuant to A.C.A. § 25-19-105(c)(3)(B)(i), which is contained within the Arkansas Freedom of Information Act (the "FOIA"), A.C.A. §§ 25-19-101 — 109 (Repl. 2002 and Supp. 2007), for my opinion regarding the propriety of your provisional decision to withhold from disclosure various documents requested through another law firm relating to the dismissal of a former police officer in the City of Bono. The specific records requested are the following:
Any and all records of complaints filed with the City of Bono Police Department against the former officer and any and all records of investigations conducted on the basis of such complaints.
All records concerning disciplinary action, including written reprimands, taken against the former officer.
Any and all Field Administrative Reports filed by the former officer.
Records of any and all City of Bono Police Department Internal Affairs Division investigations of the former officer.
Any and all records relating to the firing of the former officer.
Any and all records relating to allegations against the former officer of inappropriate behavior with an underage teenage girl while he was employed by the City of Bono.
Any and all documents contained in the former officer's personnel file, including but not limited to his application for employment, his qualifications, certifications, education background, employment history, references, compliance with continuing education requirements, etc.
Any and all documents pertaining to the decision of the City of Bono to place the former officer on administrative leave with pay.
Any and all documents pertaining to the decision of the City of Bono to fire the former officer.
RESPONSE
Although I have not been provided with all the relevant records, I consider the decision of the custodian to withhold all of the requested documents in all likelihood inconsistent with the FOIA for the reasons set forth below.
The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
"Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2007).
Because the individual at issue is a city employee, I believe the requested documents are clearly "public records" under the definition set forth above. However, the FOIA provides for certain exemptions from disclosure, the two most pertinent being those set forth at A.C.A. § 25-19-105(c)(1), which exempts from disclosure under specified circumstances employee evaluations and job performance records, and A.C.A. § 25-19-(b)(12), which exempts from disclosure personnel records to the extent that their disclosure would constitute a clearly unwarranted invasion of personal privacy.
Although you have not supplied me with any of the documents at issue in your request, the description of various of the documents suggests that they constitute "employee evaluations or job performance records" under the FOIA. "Employee evaluation or job performance records" are releasable only if certain conditions have been met. Subsection25-19-105(c)(1) of the Code provides in pertinent part:
[A]ll employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure.
The FOIA does not define the term "employee evaluation or job performance records" as used in A.C.A. § 25-19-105(c), nor has the phrase been construed judicially. This office has consistently taken the position that any records that were created by or at the behest of the employer and that detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents are properly classified as employee evaluation or job performance records. See, e.g., Ark. Ops. Att'y Gen. Nos. 2007-225; 2006-111; 2006-038; 2006-035; 2005-030; 2004-211; 2003-073; 98-006; 97-222; 95-351; 94-306; 93-055. The record must also have been created for the purpose of evaluating an employee. See, e.g., Ark. Op. Att'y Gen. No. 2006-038; 2004-012. The exemption promotes candor in a supervisor's evaluation of an employee's performance with a view toward correcting any deficiencies. See J. Watkins R. Peltz, The Arkansas Freedom of Information Act (mm Press, 4th ed. 2004), at 196.
Although I have not reviewed the actual records, of the requested documents listed above, I believe the following would likely constitute employee evaluation/job performance records:
Records of investigations conducted on the basis of complaints filed against the former officer. In the event a complaint was filed by a supervisor, that complaint would likewise constitute an employee evaluation/job performance record.[1]
Records concerning disciplinary action, including written reprimands, taken against the former officer.
Records of City of Bono Police Department Internal Affairs Division investigations of the former officer.
Records relating to the firing of the former officer.
Records relating to allegations against the former officer of inappropriate behavior with an underage teenage girl while he was employed by the City of Bono.
Records pertaining to the decision of the City of Bono to place the former officer on administrative leave with pay.
Records pertaining to the decision of the City of Bono to fire the former officer.
In determining whether to withhold these records, you will need to consider whether the factual predicates recited in A.C.A. §25-19-105(c)(1) exist and would hence warrant declining to disclose the documents. You report that there has indeed been a dismissal in this case but do not disclose whether the dismissed officer has exhausted any administrative appeals that might be available. As noted above, an employee evaluation/job performance record cannot be released so long as an administrative appeal is still available. Assuming no possibility of appeal remains, the pertinent issues will be whether the records "formed a basis" for the termination and whether a compelling public interest in disclosure of the listed documents exists. This is ultimately a factual determination for you to make. Without having reviewed the documents at issue or even knowing the exact nature of the alleged violations, I am unable to weigh the public interest in disclosure of the documents. Under the circumstances, I can do no more than set forth the general standard you should apply in making your determination.
The FOIA at no point defines the phrase "compelling public interest" as used in the final prong of the test for disclosure set forth in A.C.A. § 25-19-105(c)(1). However, two leading commentators on the FOIA, referring to this office's opinions on this issue, have offered the following guidelines:
[I]t seems that the following factors should be considered in determining whether a compelling public interest is present: (1) the nature of the infraction that led to suspension or termination, with particular concern as to whether violations of the public trust or gross incompetence are involved; (2) the existence of a public controversy related to the agency and its employees; and (3) the employee's position within the agency. In short, a general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present. However, a link between a given public controversy, an agency associated with the controversy in a specific way, and an employee within the agency who commits a serious breach of public trust should be sufficient to satisfy the "compelling public interest" requirement.
Watkins Peltz, supra at 207 (footnotes omitted). Professors Watkins and Peltz also note that "the status of the employee" or "his rank within the bureaucratic hierarchy" may be relevant in determining whether a "compelling public interest" exists. Id. at 206 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.") The existence of a "compelling public interest" in disclosure will necessarily depend upon all of the surrounding facts and circumstances. However, as both I and my predecessors have previously stated, a compelling public interest likely exists in information reflecting a violation of departmental rules by a "cop on the beat" in his interactions with the public. See Ark. Ops. Att'y Gen. Nos. 2007-206 and 2006-106. If the prior disciplinary records reflect a suspension based on this type of infraction, a strong case for the finding of a compelling public interest exists.
With regard to the records relating to the employee's dismissal, I should note that a letter of dismissal may or may not qualify as an "employee evaluation/job performance record" subject to the standard of review set forth above. My predecessors have opined, and I have agreed, that a dismissal or termination letter that contains the reasons for the termination is an employee evaluation or job performance record for purposes of the FOIA. See, e.g., Ark. Ops. Att'y Gen. Nos. 2006-026 and 95-171 (relying on Ark. Ops. Att'y Gen. Nos. 92-191 and 88-97). However, if correspondence merely announces the fact of the termination, you should determine its disclosability under the FOIA using the standard for the disclosure of personnel records discussed below.
Under the FOIA, "personnel records" are open to public inspection and copying except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12) (Supp. 2007). As my predecessor noted in Op. Att'y Gen. No. 99-305:
If records fit within the definition of "public records" . . ., they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law. The "unwarranted invasion of personal privacy" exemption is found in the FOIA at A.C.A. § 25-19-105(b)[12]. It exempts from public disclosure "personnel records to the extent that disclosure would constitute clearly unwarranted invasion of personal privacy . . ." The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record," within the meaning of the FOIA is, of course, a question of fact that can only be determined upon a review of the record itself. However, the Attorney General has consistently taken the position that "personnel records" are all records other than employee evaluation and job performance records that pertain to individual employees, former employees, or job applicants. See, e.g., Op. Att'y Gen. No. 1999-147, citing Watkins, The Arkansas Freedom of Information Act (m m Press, 3rd Ed., 1998) at 134.
Accord, Ark. Ops. Att'y Gen. Nos. 2007-001; 2006-141 and 2001-122. As I more recently noted in Ark. Op. Att'y Gen. No. 2007-013:
Subject to the possible redaction of exempt information such as medical information, social security numbers, see, e.g., Ops. Att'y Gen. Nos. 2006-035; 2003-153; 93-300; and 91-003, or information identifying certain law enforcement officers currently working undercover, A.C.A. § 25-19-105(b)(10), personnel records must be released unless their disclosure would constitute a "clearly unwarranted invasion of [the employee's] personal privacy." A.C.A. § 25-19-105(b)(12).
Applying the above standard, I believe the following documents might constitute "personnel records" under the FOIA:
Any complaints filed with the City of Bono Police Department against the employee by anyone other than a supervisor. See fn. 1 supra.
Any and all documents contained in the employee's personnel file, including but not limited to his application for employment, his qualifications, certifications, education background, employment history, references, compliance with continuing education requirements, etc.
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase and adopted a balancing test to determine if it applies, weighing the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice,308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the custodian must disclose the personnel records. As the court noted in Young:
The fact that section 25-19-105(b)(10) [now subsection 105(b)(12)] exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain "warranted" privacy invasions will be tolerated. Thus, section25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interests and disclosure will be favored.
308 Ark. at 598. However, as the court noted in Stilley v. McBride,332 Ark. 306, 312, 965 S.W.2d 125 (1998), when "there is little relevant public interest" in disclosure, "it is sufficient under the circumstances to observe that the employee's privacy interest in nondisclosure is not insubstantial." Given that exemptions from disclosure must be narrowly construed, it is the burden of an individual resisting disclosure to establish that his "privacy interests outweighed that of the public's under the circumstances presented." Id. at 313. The fact that the subject of any such records may consider release of the records an unwarranted invasion of personal privacy is not relevant to the analysis. See Ark. Ops. Att'y Gen. Nos. 2001-112; 2001-022; 94-198; 94-178; and 93-055; Watkins Peltz, supra at 126. The test is an objective one. See, e.g., Ark. Op. Att'y Gen. 96-133.
In my opinion, determining whether the complaints referenced above are disclosable under the standard just recited would entail conducting a factual review of each such complaint. I believe the remaining documents I have characterized as personnel records are not personal to an extent that would warrant withholding them from disclosure.
You report in your request that the officer in question is currently under investigation by the Arkansas State Police. Pursuant to A.C.A. § 25-19-105(b)(6) records relating to an ongoing law enforcement investigation are exempt from disclosure. See Martin v. Musteen,303 Ark. 656, 799 S.W.2d 540 (1990); Ark. Op. Att'y Gen. No. 2007-213. As custodian, you will need to determine which records, if any, fall within the scope of this exemption. I will note, however, that purely informational documents of the sort I have identified as personnel records would in all likelihood not fall within the scope of this exemption, which is intended to allow law enforcement agencies to investigate allegations of misconduct without compromising their efforts by undue publicity. Other documents related to the incident in question may or may not come within the A.C.A. § 25-19-105(b)(6) exemption for ongoing law enforcement investigations, depending upon their content and the surrounding facts. For purposes of determining whether this exemption applies, I consider it irrelevant that the documents originated as personnel or employment records. See, e.g., Op. Att'y Gen.97-079 (employment records turned over to prosecuting authorities may be exempt from disclosure under A.C.A. § 25-19-105(b)(6)). See also Ark. Ops. Att'y Gen. Nos. 2000-225 ("This office has consistently opined that the location of documents should be irrelevant when considering the application of particular exemptions under the FOIA"); and 2000-257 at 6: (". . . The mere location of documents generated by an agency should not bear on the question of whether an exemption applies, be it an ongoing-investigation exemption or an employee evaluation exemption.").
Finally, I will note that it is difficult to determine how the Field Administrative Reports referenced in your request should be classified. They do not appear to qualify as either employee evaluation/job performance records or personnel records. If this conclusion is correct, these documents are in all likelihood straightforward public records that are not exempt from disclosure.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] As I noted in Ark. Op. Att'y Gen. No. 2007-025:My predecessors have consistently opined that records in an internal affairs file that have been "generated at the behest of an employer in the course of investigating a complaint against an employee constitute 'employee evaluation/job performance records'" within the meaning of the FOIA. See Ops. Att'y Gen. 2006-106; 2005-267; 2005-094; 2004-178; 2003-306; and 2001-063. It has been opined, however, that "[d]ocuments not created in the evaluation process do not come within the rationale behind the25-19-105(c)(1) exemption." See Op. Att'y Gen. 2007-025; 2005-267, citing Op. Att'y Gen. 2005-094. In accordance with this principle, unsolicited third-party complaints against an employee are not considered employee evaluation/job performance records, although they do qualify as "personnel records" subject to review under the standard discussed below. See Ark. Op. Att'y Gen. No. 2007-206. *Page 1